IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEPHANIE CALETZ, as Special Administrator of the Estate of CRYSTAL COLON, a minor, Deceased; STEPHANIE CALETZ, Individually; MARIO CALETZ, Individually; STEPHANIE CALETZ and MARIO CALETZ, as parents and next friends of BRANDON CALETZ, a minor; and STEPHANIE CALETZ and MARIO CALETZ as parents and next friends of JOEY CALETZ, a minor, Plaintiffs, v. JESSE BLACKMON; ROBERT LACHOWSKI; TRANSPORT CARRIERS, INC.; and AMERICAN SHIPPING & PACKING, INC., Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 99 C 8146  Honorable Michael Mason |

**PLAINTIFFS CALETZ' RESPONSE TO THE
MOTION TO BAR SUGGESTIONS OF LUMP SUM ECONOMIC
AWARDS FILED BY DEFENDANTS TRANSPORT AND BLACKMON**

NOW COME the Plaintiffs, STEPHANIE CALETZ, as Special Administrator Of the Estate of CRYSTAL COLON, a minor, Deceased; STEPHANIE CALETZ, Individually; MARIO CALETZ, Individually; STEPHANIE CALETZ and MARIO CALETZ, as parents and Next friends of BRANDON CALETZ, a minor; and STEPHANIE CALETZ and MARIO CALETZ As parents and next friends of JOEL CALETZ, a minor, and in response to Defendants' Motion, states as follows:

1. In their Motion to Bar, Defendants, Jesse Blackmon and Transport Carriers, Inc. (hereinafter "Defendants") ask this Court to prohibit the Plaintiffs from suggesting, during closing arguments, a lump-sum amount of non-economic damages, and, in the alternative, the

1

Defendants make two other requests. First, that this Court require the Plaintiffs to disclose, in advance of close, the amount of non-economic damages the Plaintiff intends to seek so that this Court can decide if such an award is excessive. Second, that this Court permit the Defendants to disclose the fee arrangement between the Plaintiffs and their respective counsel. *See Defendant's Motion to Bar.*

This Court should deny the Motion for four reasons. First, the Motion is untimely. This Court required the parties to file their *Motion-in-limine* well in advance of trial, and limited the parties to three motions. This Motion is clearly a *Motion in limine* and the Plaintiff did not receive the Motion until after the close of the evidence and the Defendants have already filed three *Motions in Limine*. Thus, the Motion should be barred.

Furthermore, as the Court has noted, the Defendants have continually filed documents late, and the untimely filing of this Motion is just more of the same. The Defendants clearly had this Motion prepared prior to trial because they have filed similar motions in the past. Thus, there is no reason for its untimeliness other than to prevent the Plaintiffs from having sufficient time to thoroughly reply to it. This type of gamesmanship should not be allowed and therefore, this Motion should be denied.

2. Second, the law does not support the Defendants Motion. Defendant cites Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003 (2nd Cir. 1995), claiming the Consorti court held that requests for a specific amount of non-economic damages are improper. Notwithstanding the fact that this Second District case does not control the instant matter, the Consorti court admitted flatly that it "has not adopted a per se rule about the propriety of suggested damage amounts..." Consorti, at 1016. Moreover, the Defendants reliance on Waldorf v. Shuta, 896 F.2d 723 (3rd Cir. 1990), is misplaced. In this Third Circuit case, the court

admonished against suggesting a "minimum dollar amount" and the decision was reached only "under the facts of [that] case." Id. at 744. Thus, this Court should not rely on these cases.

3.     Third, the vast weight of case law is supportive of the Plaintiffs' position.  In Illinois, it is well-settled that an attorney may suggest an amount of non-economic damages for a jury to consider while deliberating. Caley v. Manicke, 24 Ill.2d 390, 182 N.E.2d 206 (1962). In Caley, for instance, the Illinois Supreme Court confirmed the propriety of suggestions by plaintiff's counsel to the jury as to amounts believed to be fair and adequate for plaintiff's non-economic damages. Id. at 394, 182 N.E.2d at 209. This long-standing proposition continues to control this aspect of Illinois law.

Moreover, the Seventh Circuit has acknowledged that suggesting non-economic damage amounts for juries to consider is merely argument. Whiting v. Westray, 294 F.3d 943 (7th Cir. 2002). In that case, in upholding a verdict in a trial in which plaintiff's attorney urged the jury to consider $14 million in non-economic damages, the Court noted that "attorneys often ask for the stars while only hoping for the moon." Id. at 947. Clearly, then, the Seventh Circuit Court understands that suggesting to a jury amounts for non-economic damages is merely argument and permits such arguments.

4.     Fourth, the alternative requests made by the Defendants should be denied because they are without support in the law and/or are irrelevant.

WHEREFORE, Plaintiffs, STEPHANIE CALETZ, as Special Administrator Of the Estate of CRYSTAL COLON, a minor, Deceased; STEPHANIE CALETZ, Individually; MARIO CALETZ, Individually; STEPHANIE CALETZ and MARIO CALETZ, as parents and Next friends of BRANDON CALETZ, a minor; and STEPHANIE CALETZ and MARIO CALETZ As parents and next friends of JOEL CALETZ, a minor, respectfully request that this

Honorable Court deny Defendants' Motion.

By: /s/ Brian LaCien
Attorneys for Plaintiff

Larry R. Rogers
Brian LaCien
POWER, ROGERS & SMITH, P.C.
70 West Madison Street
55th Floor
Chicago, IL 60602-4212
Phone No. 312/236-9381
Atty. No. 31444